UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TORRANCE CLAYTON                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-13-KHJ-MTP

WARDEN TERRENCE WATTS, et al.                                              DEFENDANTS

ORDER

This case is before the Court sua sponte for consideration of dismissal. Pro se Plaintiff Torrance Clayton is incarcerated by the Mississippi Department of Corrections. He brings this action under 42 U.S.C. § 1983, challenging Rule Violation Reports (RVRs). The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

I.     Background

In February 2024, Clayton was housed at the Winston-Choctaw County Correctional Facility in Louisville, Mississippi. Compl. [1] at 2, 4. Defendants Warden Terrence Watts, Deputy Warden Brady Sistrunk, and Chief of Security Nikita Carter were employed at the prison. *Id.* at 2–3.

Clayton challenges two RVRs he received there. Clayton alleges that, on or about February 26, 2024, Defendants falsely accused him of assaulting another inmate. Resp. [9] at 1–3. Clayton claims that Defendants knew he was innocent, but Watts and Sistrunk still issued him two different RVRs for this same incident. *Id.*

RVR #4998 charged Clayton with "involvement in disruptive assaultive or

criminal gang activity." RVR [1-2] at 1. RVR #5030 charged him with "assaultive action against any person or staff member resulting in serious physical injury." [9] at 2; RVR Resp. Form [1-1]. Clayton claims that Carter had a duty to realize that both RVRs were for the same incident. [9] at 2. Clayton also contends that RVR #4998 should have been voided because someone crossed through some of its text and the disciplinary hearing officer did not complete the RVR form. [1-2] at 5. Clayton further claims that he was denied the opportunity to put on evidence and witnesses in the disciplinary hearing. [9] at 3. Nevertheless, he was convicted of both and punished with reclassification and the loss of privileges for two months. [1-1]; [1-2] at 1. He alleges that Sistrunk denied his administrative appeal. [1-2] at 6.

On January 9, 2025, Clayton filed this action under Section 1983. [1]. He asks for damages and for the RVRs to be expunged. *Id.* at 5.

This is not the first time that Clayton has brought these claims. He previously sued these same Defendants in this Court over this incident. Complaint, *Clayton v. Sixtrunk*, No. 3:24-CV-705 (S.D. Miss. Nov. 6, 2024), ECF No. 1.

II.   Standard

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a

2

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation modified). "[I]n an action proceeding under [S]ection 1915[], [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised . . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

III.   Analysis

The Court has permitted Clayton to proceed *in forma pauperis* in this action. Order [7]. So his [1] Complaint is subject to sua sponte dismissal under Section 1915.

Clayton sues Defendants for allegedly causing his wrongful disciplinary conviction based on a February 2024 inmate assault. [9] at 1–3. At the time this case was filed, Clayton had another case already pending against Defendants in *Sixtrunk*. *See* Complaint, *supra*. In *Sixtrunk*, Clayton also claims that Defendants caused him to be wrongfully disciplined for the same incident. *See id.* at 2–5, 12–16. The prior case is still pending.

It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since claims for wrongful discipline stemming from the

same inmate attack were already pending against Defendants in a previously filed civil action, the claims against them are dismissed here as malicious.

IV.   Conclusion

For the reasons stated, the Court DISMISSES this case as malicious. This dismissal is without prejudice to the pending case of *Clayton v. Sixtrunk*, No. 3:24-CV-705, and is with prejudice in all other respects. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail a copy of this Order and the final judgment to Clayton at his address of record.

SO ORDERED AND ADJUDGED, this 25th day of June, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
